IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN RANDOLPH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23-796 |
| ) | |
| v. ) | District Judge W. Scott Hardy |
| ) | Magistrate Judge Maureen P. Kelly |
| JUSTIN MOORE, LARRY BOGGS, ) | |
| ERIC HAAG, PATRICIA CARTER and ) | |
| CLEVELAND RANGE CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff Brian Randolph's ("Plaintiff") objections (Docket No. 59) to the Report and Recommendation (Docket No. 55, hereinafter "R&R") entered by Magistrate Judge Maureen P. Kelly on April 23, 2024. The R&R recommends that the Partial Motion to Dismiss Amended Complaint for Failure to State a Claim (Docket No. 27, hereinafter, "Partial Motion to Dismiss"), filed by Defendants Justin Moore, Larry Boggs, Eric Haag, and Patricia Carter (hereinafter, the "Corrections Defendants" or "Defendants"), be granted in part and denied in part, with leave to amend certain claims. (Docket No. 55 at 1, 11-12). Service of the R&R was made on the parties, and they were advised that any objections to same were due by May 7, 2024, and by May 10, 2024 for unregistered CM/ECF users. (Docket No. 55 at 13 and docket entry text). On June 5, 2024, Plaintiff filed his objections to the R&R.[1] (Docket No. 59).

---

[1] The Court notes that Plaintiff's objections to the R&R were included in his filing entitled, "Plaintiff's First Objections to the Magistrate Judge's Report and Recommendation, his Response and Traverse; to Reject Defendant's Haag's and Cleveland Range Corporation's Motion to Dismiss Them from the Complaint." (Docket No. 59). Such document consists of 33 handwritten pages, and appears to include Plaintiff's objections to the R&R, intermingled with Plaintiff's response to a motion to dismiss filed by Defendant Cleveland Range Ltd. Mindful of

1

In his objections, Plaintiff opposes the R&R to the extent that Judge Kelly recommends that portions of Defendants' Partial Motion to Dismiss be granted. Plaintiff argues, among other things, that Defendant Haag was personally involved in the claims alleged and that sovereign immunity should not apply here. The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.* Upon careful *de novo* review of the R&R and the entire record, including Defendant's Partial Motion to Dismiss and supporting brief, and Plaintiff's response thereto, (Docket Nos. 27, 28, 36, 37), the Court concludes that, despite Plaintiff's arguments to the contrary, Plaintiff's objections do not undermine the R&R's recommended disposition.

In so ruling, the Court agrees with Judge Kelly's conclusion that Plaintiff's product liability claim against the Corrections Defendants should be dismissed as barred by sovereign immunity. (Docket No. 55 at 6-8). The Court also agrees with the conclusion in the R&R that Plaintiff's Fourteenth Amendment claim should be dismissed, and consideration should be given to Plaintiff's Eighth Amendment claim. (*Id.* at 8). As to the argument that Plaintiff fails to allege personal involvement of all the Corrections Defendants, the Court agrees with Judge Kelly that Plaintiff has sufficiently pled facts to allege the personal involvement of Defendants Boggs and Moore, but Plaintiff has not sufficiently pled sufficient facts to allege the personal involvement of Defendant Haag. (*Id.* at 9-11). The Court further agrees that Defendants' Partial

---

Plaintiff's *pro se* status, however, the Court has done its best to discern and carefully consider the portions of that document that constitute objections to the R&R.

2

Motion to Dismiss should be denied to the extent it seeks the dismissal of Plaintiff's First Amendment claim. (*Id.* at 11-12).

As such, the Court will adopt the R&R as the Opinion of the Court, and will grant in part and deny in part Defendants' Partial Motion to Dismiss with leave to amend certain claims, as more specifically set forth below.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 29th day of July, 2024,

IT IS HEREBY ORDERED that Plaintiff's objections to the R&R (Docket No. 59) are OVERRULED, and the R&R (Docket No. 55) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that, for the reasons set forth in the R&R, Defendants' Partial Motion to Dismiss Amended Complaint for Failure to State a Claim (Docket No. 27) is GRANTED IN PART AND DENIED IN PART.

The motion is GRANTED to the extent that:

1. Plaintiff's Fourteenth Amendment claim is DISMISSED WITH PREJUDICE;

2. Plaintiff's product liability claim against the Corrections Defendants is DISMISSED WITH PREJUDICE on the basis of sovereign immunity; and

3. Plaintiff's claim against Defendant Haag, given the lack of personal involvement, is DISMISSED WITHOUT PREJUDICE.

The motion is DENIED to the extent that:

1. Defendants seek the dismissal of Plaintiff's claims against Defendants Moore and Bogg on the basis of lack of personal involvement; and

2. Defendants seek the dismissal of Plaintiff's First Amendment claim.

      IT IS FURTHER ORDERED that Plaintiff, if he chooses to do so, may file an amended complaint to correct the substantial pleading deficiencies identified in the R&R but – with regard to Plaintiff's claims against the Corrections Defendants – only as to the claim that is dismissed without prejudice.

      An Order providing deadlines related to the filing of an amended complaint will be issued separately by Judge Kelly.

<u>s/ W. Scott Hardy</u>
W. Scott Hardy
United States District Judge

cc/ecf:      The Honorable Maureen P. Kelly
               Brian Randolph (via U.S. Mail)
               All counsel of record