IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN RANDOLPH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23-796 |
| ) | |
| v. ) | District Judge W. Scott Hardy |
| ) | Magistrate Judge Maureen P. Kelly |
| JUSTIN MOORE, LARRY BOGGS, ) | |
| ERIC HAAG, PATRICIA CARTER and ) | |
| CLEVELAND RANGE CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff Brian Randolph's ("Plaintiff") objections (Docket No. 89) to the Report and Recommendation (Docket No. 88, hereinafter "R&R") entered by Magistrate Judge Maureen P. Kelly on April 8, 2025, as well as the response to Plaintiff's objections filed by Defendant Cleveland Range Ltd. ("Cleveland Range"). The R&R recommends that the Motions to Dismiss Plaintiff's "Amended Complaint: (Defendant Haag)," filed by Cleveland Range (Docket No. 73) and by Defendants Justin Moore, Larry Boggs, Eric Haag, and Patricia Carter (the "Corrections Defendants") (Docket No. 75), be granted, and that Plaintiff's claims in this matter be dismissed with prejudice. (Docket No. 88 at 1, 26). Service of the R&R was made on the parties, and they were advised that any objections to same were due by April 22, 2025, and by April 25, 2025, for unregistered CM/ECF users. (*Id.* at 26-27 and Docket text entry). On April 23, 2025, Plaintiff filed his objections to the R&R. (Docket No. 89). On April 30, 2025, Cleveland Range filed a response to Plaintiff's objections. (Docket No. 90).

1

Previously in this case, the Court issued a Memorandum Order (Docket No. 65) adopting Judge Kelly's earlier R&R (Docket No. 55), and granting in part and denying in part the Corrections Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint. In so ruling, the Court dismissed certain claims with prejudice, dismissed certain claims without prejudice, and denied the motion to the extent the Corrections Defendants sought the dismissal of Plaintiff's First Amendment claim and Plaintiff's claims against Defendants Moore and Boggs on the basis of lack of personal involvement. (Docket No. 65 at 3). The Court also granted Plaintiff leave to correct the pleading deficiencies identified in the R&R, but only as to the claim dismissed without prejudice (against Defendant Haag). (*Id.* at 4). That same day, the Court had also issued a Memorandum Order (Docket No. 64) affirming Judge Kelly's Memorandum Order (Docket No. 61) that had struck another filing by Plaintiff, entitled "Plaintiff's Amended Complaint Nunc Pro Tunc" (Docket No. 57), since it was filed without leave of court, did not comply with pleading rules, and appeared to contain objections to a pending R&R.

In his objections to the present R&R, Plaintiff does not argue that the R&R should be rejected (and Defendants' Motions to Dismiss should be denied) because Plaintiff has plausibly stated all of his claims in this action in his pleading entitled "Amended Complaint: (Defendant Haag)." (Docket No. 89). Rather, Plaintiff explains that such pleading – which was treated as the operative amended complaint in the R&R and in Defendants' Motions to Dismiss – was intended only to supplement his prior Amended Complaint, and was not intended to constitute the entirety of a Second Amended Complaint. (*Id.*). Additionally, in his objections, Plaintiff lists a number of filings on the Docket in this case, and he asks that they too be considered as supplements to (or clarifications of) his complaint in this matter. (*Id.* at 3).

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (b)(3); 28 U.S.C. § 636(b)(1).  The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions.  *See id.*  Here, after careful *de novo* review of the R&R, Plaintiff's objections, as well as the entire record, the Court concludes that it will modify the R&R's recommended disposition of Defendants' Motions to Dismiss, and deny Defendants' motions as moot.

In so ruling, the Court agrees with Judge Kelly that Plaintiff has been given certain instructions by the Court concerning the filing of any amended complaint. (Docket No. 88).  As referenced above, Judge Kelly's Memorandum Order striking Plaintiff's Amended Complaint Nunc Pro Tunc instructed Plaintiff that "[a]ny amended complaint should be a stand-alone document, complete in itself and without reference to any previous pleadings," and "should set forth Plaintiff's claims against all defendants in short, concise, and plain statements."  (Docket No. 61 at 1-2).  The Court subsequently affirmed Judge Kelly's Memorandum Order, noting that it provided instructions for Plaintiff to follow if he chose to seek leave to file an amended complaint, and citing the specific page numbers where such instructions could be found. (Docket No. 64 at 2).  Additionally, Judge Kelly's R&R regarding the Corrections Defendants' Partial Motion to Dismiss – which was later adopted as the Opinion of the Court (Docket No. 65) – recommended that Plaintiff be instructed that an amended complaint "must fully allege every claim he wishes to pursue against all parties, and must be a pleading that stands by itself without reference to the original or amended complaint."  (Docket No. 55 at 12).

Nevertheless, while acknowledging that such instructional language was included in these prior orders and R&R, the Court also recognizes that this case has become somewhat complicated procedurally (albeit, due in part to Plaintiff's own filings). Upon consideration of the entire record, including Plaintiff's objections as well as the various orders, R&Rs, and other filings in this case, the Court concludes that Plaintiff appears to have misunderstood the Court's prior instructions when he filed the "Amended Complaint: (Defendant Haag)." Not only does Plaintiff argue in his objections that the document was intended to supplement the Amended Complaint, but a plain reading of the document (including its title, "Amended Complaint: (Defendant Haag)") shows what clearly appears to be a supplemental pleading containing allegations against Defendant Haag alone. Moreover, although the Court had indicated that any amended complaint should be filed as a stand-alone document containing all claims against all Defendants, in light of the fact that the Court had dismissed Plaintiff's claim against Defendant Haag without prejudice and specifically gave Plaintiff leave to amend that claim alone (Docket No. 65 at 3-4), it is clear that Plaintiff's filing of the "Amended Complaint: (Defendant Haag)" constituted an attempt to supplement his Amended Complaint in accordance with the Court's Order, and was not simply an attempt to "flout procedural rules." *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Therefore, upon consideration of the entire record in this case, and mindful of Plaintiff's *pro se* status, the Court will strike Plaintiff's "Amended Complaint: (Defendant Haag)" – just as Plaintiff's Amended Complaint Nunc Pro Tunc was struck previously – and Plaintiff will be given one final chance to file a Second Amended Complaint. The Court notes that granting Plaintiff leave one last time to file an amended complaint is neither futile nor inequitable under the circumstances presented here. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d

Cir. 2002). Permitting Plaintiff to file such a pleading is not futile since the Court previously granted Plaintiff leave to file one final stand-alone amended complaint, but he did not do so because he appears to have misunderstood the Court's Order. Permitting Plaintiff to amend his complaint once more is also not inequitable since Defendants' Motions to Dismiss were based on Plaintiff's "Amended Complaint: (Defendant Haag)" constituting the operative complaint in this case, and Defendants are free to re-raise any arguments contained therein (if appropriate) in moving to dismiss a Second Amended Complaint (if one is filed).

Accordingly, the Court finds that, upon consideration of Plaintiff's objections to the R&R and the entire record, Plaintiff did not intend the "Amended Complaint: (Defendant Haag)" to constitute his Second Amended Complaint in its entirety, but rather he intended it to supplement his Amended Complaint. Although the Court will not grant Plaintiff's request that his various filings be considered together as a single amended complaint in this matter, Plaintiff's "Amended Complaint: (Defendant Haag)" will be stricken, and Plaintiff will be given one final opportunity to file a single, stand-alone Second Amended Complaint, as set forth more specifically below. As such, Plaintiff's objections to the R&R will be sustained in part and overruled in part, the R&R's recommended disposition will be modified as set forth herein, and Defendants' motions to dismiss will be denied as moot.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 23rd day of May, 2025,

IT IS HEREBY ORDERED that, for the reasons set forth above, Plaintiff's "Amended Complaint: (Defendant Haag)" (Docket No. 70) is STRICKEN, Plaintiff's objections (Docket No. 89) to the R&R are SUSTAINED IN PART AND OVERRULED IN PART, the

recommended disposition in the R&R (Docket No. 88) is MODIFIED as set forth herein, and Defendants' Motions to Dismiss (Docket Nos. 73, 75) are DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff is hereby given **one final chance** to file a Second Amended Complaint to correct the substantial pleading deficiencies identified in the R&R at Docket No. 55.  PLAINTIFF IS REMINDED THAT ANY SUCH SECOND AMENDED COMPLAINT:

(1) MUST set forth Plaintiff's claims in short, concise, and plain statements, and in sequentially numbered paragraphs;

(2) MUST fully allege every claim Plaintiff wishes to pursue against all Defendants;

(3) MUST specify the offending actions taken by each Defendant, and indicate the nature of the relief sought;

(4) MUST be a pleading that stands by itself without reference to any other filings on the Docket (including that it shall not refer to, or rely upon, the original Complaint, the Amended Complaint, or any documents intended to supplement or clarify the prior complaints in this case); and

(5) MAY NOT re-allege any claims previously dismissed with prejudice.

The Magistrate Judge will issue a separate Scheduling Order setting forth deadlines for the filing of Plaintiff's Second Amended Complaint.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:   The Honorable Maureen P. Kelly
          Brian Randolph (via U.S. Mail)
          All counsel of record