## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN RANDOLPH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-796 |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Maureen P. Kelly |
| JUSTIN MOORE, LARRY BOGGS, | ) | |
| ERIC HAAG, PATRICIA CARTER and | ) | |
| CLEVELAND RANGE LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

This matter comes before the Court on Plaintiff Brian Randolph's ("Plaintiff") objections (Docket No. 119) to the Report and Recommendation ("R&R) entered by Magistrate Judge Maureen P. Kelly on February 26, 2026 (Docket No. 118). The R&R recommends that the Motion to Dismiss (Docket No. 95) filed by Defendant Cleveland Range, Ltd. ("Cleveland Range")[1] be granted. (Docket No. 118 at 1, 31). The R&R further recommends that the Motion to Dismiss or, in the Alternative, Motion to Consolidate (Docket No. 97) filed by Defendants Justin Moore, Larry Boggs, Eric Haag, and Patricia Carter (the "Corrections Defendants") be granted to the extent it seeks dismissal of the claims against them, and be denied as moot to the extent it seeks consolidation of this case with Plaintiff's case at Docket No. 24-1173. (Docket No. 118 at 1, 31). The R&R also recommends that all claims be dismissed with prejudice. (*Id.*). Service of the R&R was made on the parties, and they were advised that any objections to same were due by March 12, 2026, and by March 16, 2026, for unregistered CM/ECF users. (Docket

---

[1]    As explained in the R&R, Plaintiff identified Cleveland Range as "Cleveland Range LLC" in the operative Fourth Amended Complaint, but Cleveland Range has indicated that its correct name is "Cleveland Range Ltd." (Docket No. 118 at 1 n.1).

1

No. 118 at 31 and Docket text entry).  On March 19, 2026, Plaintiff's objections (dated March 9, 2026) were filed on the docket.  (Docket No. 119).

In his objections, which are somewhat unclear and difficult to discern, Plaintiff opposes Judge Kelly's recommendation that the claims against Cleveland range and the Corrections Defendants be dismissed, and Plaintiff appears to oppose consolidation of his cases as well. (Docket No. 119 at 2).  In so objecting, Plaintiff asserts that he has stated claims despite Defendants' "undenied acts, actions, omissions and offers of proofs already proffered by the plaintiff in this case," even though he has not been "granted the benefit of requested Discovery" that is "still being withheld and existing inside of Defendant's Corporation's (PA. DOC.SCI Mercer) files." (*Id.*).  Plaintiff further argues that Defendants were deliberately indifferent and derelict in their duties which, he says, the evidence will show.  (*Id.*).  Plaintiff also contends that the "cause and effects" resulted in "two separate/independent harms/injuries to the plaintiff that form the basis of proof [of] Defendant's personal involvement." (*Id.*).  Despite these types of statements objecting to the R&R generally, Plaintiff does not identify specific facts alleged in the Fourth Amended Complaint that set forth plausible claims in order to demonstrate error in the R&R.  Additionally, the Court notes that Plaintiff need not engage in discovery (which would be premature in the case at this juncture) in order to allege sufficient facts to support his claims.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (b)(3); 28 U.S.C. § 636(b)(1).  The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.*  Upon careful *de novo* review of the R&R and the

entire record, including Defendants' motions and supporting briefs and Plaintiff's responses thereto, the Court concludes that, despite Plaintiff's arguments to the contrary, Plaintiff's objections do not undermine the R&R's recommended disposition.

In so ruling, the Court agrees with Judge Kelly's recommendation that the Court find that Plaintiff's negligence claims against the Corrections Defendants are barred by sovereign immunity and should be dismissed. (Docket No. 118 at 15-18). The Court also agrees with the conclusion in the R&R that Plaintiff's claims against the Corrections Defendants in their official capacities are barred by the Eleventh Amendment and fall outside any recognized exception to immunity, so all Section 1983 official capacity claims should be dismissed. (*Id.* at 18-20). The Court further agrees that all Section 1983 Eighth Amendment claims against the Corrections Defendants in their individual capacities should be dismissed for the reasons set forth in detail in the R&R. (*Id.* at 20-23). The Court agrees with Judge Kelly's recommendation that Plaintiff's claim for First Amendment retaliation against Defendant Carter should be dismissed because, at a minimum, he has not sufficiently established an "adverse action." (*Id.* at 23-25). The Court also agrees that, since the claims against the Corrections Defendants are being dismissed with prejudice, there will be no remaining claims to consolidate with the action at Docket No. 24-1173, so to the extent the Corrections Defendants request, in the alternative, that the cases be consolidated, that motion should be denied as moot. (*Id.* at 25-26). Furthermore, the Court agrees that, as set forth in the R&R, Plaintiff's product liability claim against Cleveland Range should be dismissed because Plaintiff has failed to plausibly allege causation. (*Id.* at 26-29). Additionally, the Court agrees with Judge Kelly that, as the operative Fourth Amended Complaint represents Plaintiff's *fifth attempt* to state claims and he has again failed to state claims that can withstand a Rule 12(b)(6) challenge, and because the facts he has alleged are

3

legally insufficient to raise a claim, further amendment of the complaint is futile at this point, and Plaintiff's claims should be dismissed with prejudice with no leave to amend.[2]  (*Id.* at 29-30).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 31st day of March, 2026,

IT IS HEREBY ORDERED that Plaintiff's objections (Docket No. 119) to the R&R are OVERRULED, and the R&R (Docket No. 118) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that, for the reasons set forth in the R&R, Cleveland Range's Motion to Dismiss (Docket No. 95) is GRANTED and the claims against Cleveland Range are DISMISSED, and the Corrections Defendants' Motion to Dismiss or, in the Alternative, Motion to Consolidate (Docket No. 97) is GRANTED IN PART AND DENIED IN PART.  Specifically, the Corrections Defendants' motion is granted to the extent that the claims against the Corrections Defendants are DISMISSED, and the motion is DENIED to the extent it requests, in the alternative, consolidation of this case with the case at Docket No. 24-1173.  All claims are dismissed WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (Docket No. 120) is DENIED as moot.

---

[2]     In so finding, the Court emphasizes that, as set forth in greater detail in the R&R, the Court has offered – and Plaintiff has rejected – multiple opportunities for appointment of counsel in this case, and the Court has also permitted Plaintiff to amend his complaint repeatedly.  Notably, in the Memorandum Order dismissing Plaintiff's third amended complaint (the fourth complaint filed in this matter), the Court impressed upon Plaintiff that he was being given "**one final chance**" to amend, and the Court clearly instructed him (much as it had previously done) that any such amended complaint "MUST be a pleading that stands by itself without reference to any other filings." (Docket No. 91 at 6 (emphasis in original)).  Plaintiff then filed his Fourth Amended Complaint (his fifth complaint in this case), Defendants filed their motions to dismiss, Plaintiff responded, Judge Kelly issued the R&R, and Plaintiff filed his objections.  After mailing his objections (signed on March 9, 2026), and after the objections due date (March 16, 2026) had passed, Plaintiff subsequently mailed a Motion for Appointment of Counsel (Docket No. 120) (signed on March 17, 2026, and filed on the Docket on March 23, 2026).  However, because the Court is herein granting the motions to dismiss the fifth iteration of the complaint in this case, and is dismissing Plaintiff's claims with prejudice, Plaintiff's motion – filed at this late juncture – will be denied as moot.

The Clerk of Court shall mark this case CLOSED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  The Honorable Maureen P. Kelly
Brian Randolph (via U.S. Mail)
All counsel of record